U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BRUCE YANCEWICZ, JR.

                Plaintiff,

Against-

FREDERICK FAYO, DANIEL BREEN,
ALEXANDER RAGNI, HARDY PIERCE,
RICHARD HOVEY, "JOHN DOE"
TOWN OF NEW WINDSOR
                Defendants.
---------------------------------------------------------------x

**COMPLAINT**

A Jury is Demanded

**15 CV 4359**

JUDGE ROMAN

## INTRODUCTION

Plaintiff, Bruce Yancewicz, through his attorney, Anthony M. Giordano, Esq., of the Giordano Law Office, hereby states and alleges as and for his complaint;

## PARTIES

1. Plaintiff is white, and was and remains a citizen of the United States and a resident of Orange County in New York State.

2. Defendant Town of New Windsor (hereinafter TOWN) is a municipality situated in the County of Orange, State of New York. It may sue and be sued.

3. At the time of the acts upon which this complaint is based, defendants Hovey, Fayo, Breen, Pierce, Ragni and "John Doe" were police officers employed by the Town of New Windsor in their Police Department. The actions and omissions about which plaintiff complains were undertaken by defendants under color of state law.

## JURISDICTION

4. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4), 42 U.S.C. § 1983 and 1988 as it involves a federal question.

## FACTUAL ALLEGATIONS

5. On or about July 16, 2014, at approximately 8:30 pm, plaintiff occupied a room at a local motel in New Windsor, New York.

6. Upon information and belief, while plaintiff was at the hotel room, defendant officers, excluding defendant HOVEY, arrived at and entered plaintiff's

apartment and kicked in plaintiff's unlocked bedroom door, apparently believing plaintiff was inside.

7. Upon information and belief, police had no warrant to enter the room or cause to break the door, which had no lock and could have been opened without breaking it.

8. Upon information and belief, defendant officers, excluding HOVEY, after concluding that plaintiff was not in his apartment, then went to a nearby motel, interviewed the motel manager, learned from him that plaintiff had rented a room and obtained his room number and key.

9. Upon information and belief, defendant police, except HOVEY, directed the motel manager to accompany them to plaintiff's room to open the door, as they knew they had no right to do so.

10. Upon information and belief, the motel manager unlocked the door, as directed by police, but as he did so, plaintiff heard the door lock, quickly re-locked it.

11. Upon information and belief, as plaintiff moved slightly away from the door, police banged loudly on it and before plaintiff could react, the door was unlocked again and pushed open rapidly, trapping plaintiff between it and a desk in the room.

12. Upon information and belief, without warning or cause, police, lead by defendant PIERCE, rushed into the room without displaying or producing an arrest or search warrant.

13. Upon information and belief, PIERCE carried a heavy bolt cutter that he used to hit plaintiff's head on his head, causing plaintiff to fall to the floor.

14. Upon information and belief, as plaintiff got to his hands and knees, police yelled at him to turn around but before he was able to comply and wholly without warning, plaintiff, already on the ground, was then shot with multiple Tasers.

15. Upon information and belief, plaintiff was initially tasered and then stunned by police multiple times, at one point, causing him to defecate in his pants.

16. Upon information and belief, without cause, reason or justification and despite being incapacitated by Tasers and stun weapons, the defendant police continued to strike plaintiff.

17. Plaintiff was hit on the head multiple times by police using various objects, including batons, a bolt cutter, fists and boots, all of which caused severe swelling and bleeding to his head.

18. At no time during the assault against him, did plaintiff offer resistance (other than to try to block the blows being struck upon him), a fact that did not cause police to stop their assault against him.

19. No defendant officer ever informed plaintiff why they had entered his room unannounced, why they assaulted him or why he was being arrested.

20. Plaintiff begged the defendant police multiple times to cease hitting him, pleas wholly ignored by the defendant police who continued their assault.

21. As his beating continued, plaintiff heard one defendant yell "Fuck with a Marine, you mother fucker", an apparent reference to an argument plaintiff had earlier with his girlfriend's daughter's boyfriend, a marine and the reason he vacated his apartment, i.e., to avoid a physical confrontation.

22. Upon information and belief, plaintiff heard a sergeant, believed to be defendant FAYO, yell "hit him again, hit him again", as police continuously shot Tasers into plaintiff's body.

23. Upon information and belief, the assault against plaintiff continued unabated despite the lack of resistance from plaintiff.

24. Upon information and belief, PIERCE, a black officer, was the most violent of the police, as he was the one who struck plaintiff with a bolt cutter to his head when the motel door was first opened.

25. Upon information and belief, PIERCE was and is known within his police department, the community at large and to TOWN officials for a reputation of using excessive force and violence towards suspects and persons in custody.

26. Upon information and belief, on this occasion, PIERCE used his bolt cutter as a weapon to strike plaintiff multiple times, and, at one point, apparently frustrated with plaintiff's ability to deflect the blows from his head by using his arms to protect it, ordered other defendant officers to "hold that mother fucker's arms out" in order to get a clearer shot at plaintiff's head.

27. Upon information and belief, later in the assault, PIERCE put aside the bolt cutter, put weighted leather gloves on his hands and began punching plaintiff in his lower back and kidneys.

28. Upon information and belief, PIERCE also kicked plaintiff multiple times along with having punched him multiple times with weighted gloves.

29. Upon information and belief, PIERCE also pulled on plaintiff's hair so hard that hair was forcibly pulled from his scalp.

30. Upon information and belief, after the beating by police, when plaintiff exhibited difficulty getting to his feet, PIERCE took his steel handcuffs,

pushed them hard into plaintiff's armpit to force plaintiff to his feet, causing plaintiff's skin and muscle under his armpit to tear.

31. Plaintiff was rendered severely injured and went in and out of consciousness.

32. Upon information and belief, the assault against plaintiff was so vicious and prolonged that defendant police deliberately delayed taking plaintiff to their police station, using the delay to clean plaintiff's blood off themselves and their equipment, showing clear indifference to injuries inflicted by them.

33. Upon information and belief, upon arriving at the police station, the defendant police declined to provide medical assistance to plaintiff, despite the severity of his injuries.

34. Upon information and belief, defendant police removed Tasers shot into plaintiff rather than seek medical assistance, as recommended by the Taser manufacturer, who had a special instrument for doing so, in order to avoid medical personnel examining plaintiff's injuries,.

35. Upon information and belief, defendant police sought to avoid medical personnel examining plaintiff's chest area Taser injuries, shots that the manufacturer warned against to avoid causing cardiac arrest.

36. Upon information and belief, police deliberately sought to deny plaintiff medical attention to avoid a medical professional documenting his injuries.

37. Upon information and belief, plaintiff was denied medical care at the police station for at least an hour before an ambulance was finally called when it became apparent that his bleeding could not be stopped without medical assistance.

38. Upon information and belief, after plaintiff was taken to a hospital, police personnel continued to harass him and the medical providers treating him.

39. Upon information and belief, defendant FAYO told one such medical provider stitching plaintiff to only give him "2-3 stitches, the piece of shit".

40. Plaintiff suffered multiple injuries; including, but not limited to, swelling to one eye, blurriness and loss of vision in his other eye, cuts and bruises requiring stitches to his head, severe pain, swelling and bleeding to his head, a concussion, swelling and pain in both shoulders and a tear in his skin and muscles under his right armpit that also required stitches.

41. Plaintiff suffered a broken and swollen left wrist and swollen hand, apparent medical injuries deliberately ignored by police who deliberately cuffed plaintiff at the police station by this broken and swollen left wrist.

42. Plaintiff suffered numerous Taser and stun wounds to his body, an injury to his right knee, a dislocated hip and kidney pain from multiple punches and kicks administered to his hip, back and kidneys. He continues to suffer hip pain and has difficulty ambulating since the assault.

43. Plaintiff suffered and continues to suffer from severe headaches, back pain, back spasms and a burning sensation traveling from his right ear, down his neck and back. He suffers Tinnitus in his ear and has no feeling in his middle finger, index finger and thumb.

44. Plaintiff endured substantial pain and suffering from the beating.

45. Upon information and belief, no police officer suffered injury.

46. Defendant police present at the scene, acted in concert against plaintiff and are each responsible for inflicting injuries upon plaintiff.

47. Defendant police present at the scene each failed to intervene to stop the wanton and unwarranted assault against plaintiff inflicted by their police "brothers".

48. Defendant TOWN failed to properly supervise and/or train and/or discipline its police officers, thus proximately causing the injuries to plaintiff.

49. Defendant HOVEY failed to properly supervise and/or train and/or discipline his police officers, thus proximately causing the injuries to plaintiff

50. Numerous police officers employed by the defendant TOWN engaged in an orgy of violence against plaintiff on July 16, 2014 or declined to protect plaintiff from the assault by their police "brothers".

51. The numerosity of officers and supervisors involved in the use of excessive force against plaintiff demonstrates the complete absence of training and supervision by defendant TOWN, acting through its police agency and HOVEY.

52. The same factors, the gross and excessive force used against this plaintiff and the department TOWN'S failure to discipline any of these officers involved, demonstrate that the defendants HOVEY and TOWN have instituted a pattern and practice of condoning and/or encouraging the use of excessive force against civilians by members of its police force, including those who are defenseless.

53. Upon information and belief, after their use of excessive force against

plaintiff, the defendant police acted in concert in filing false police reports in which they exaggerated plaintiff's conduct while minimizing their own brutal assault against plaintiff in order to justify their use of excessive and injurious force.

54. Upon information and belief, these false reports were approved by supervisory personnel, including HOVEY, without investigation, without interviewing non-police witnesses and despite clear evidence that plaintiff's injuries were inflicted by the use of excessive force.

55. These reports included false descriptions of the events preceding the use of physical force, false descriptions of the force used and false descriptions of the resistance to said force by the plaintiff, amongst others.

56. Upon information and belief, said false reports were prepared by each of the defendants present during the assault.

57. Plaintiff continues to experience pain, anger, anxiety and physical and mental distress as a consequence of the defendants' acts and omissions.

58. Plaintiff is currently disabled and remains unable to work in his field due to the injuries suffered from defendants' assault and negligence.

## AS AND FOR A FIRST CAUSE OF ACTION

59. Plaintiff incorporates paras. 1-58 as if fully re-stated herein.

60. By inflicting excessive and wanton force against the plaintiff both before and after he was in custody or by standing by while excessive force was inflicted upon a helpless individual, the plaintiff, defendants violated the 4th, 8th and 14th Amendments to the United States Constitution, as enforced through 42 U.S.C. sec. 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

61. Plaintiff incorporates paras. 1-60 as if fully re-stated herein.

62. By breaking into plaintiff's room without notice, warrant or just cause, the defendant police violated plaintiff's rights under the 4th and 14th Amendments to the U.S. Constitution, as enforced through 42 U.S.C. sec. 1983.

## AS AND FOR A THIRD CAUSE OF ACTION

63. Plaintiff incorporates paras. 1-60 as if fully re-stated herein.

64. Upon information and belief, New Windsor Police and defendant

PIERCE in particular, have a reputation for engaging in brutal treatment and excessive force against those arrested by them, a reputation known to their superiors, including HOVEY.

65. Upon information and belief, despite this knowledge, HOVEY failed to investigate the physical violence rendered against plaintiff, failed to investigate the basis for his police officers' entry into the motel room, failed to discipline any police officer or seek justification for the injuries suffered by plaintiff, approved their falsified reports explaining their misconduct in a manner designed to avoid a finding of misconduct and failed to otherwise take action to prevent future misconduct by members of his police department.

66. By failing to properly train, supervise and discipline its police officers and so proximately causing the other constitutional violations alleged herein, defendant HOVEY and defendant TOWN did violate the due process clause of the 14th Amendment, as enforced through 42 USC 1983.

AS AND FOR A FOURTH CAUSE OF ACTION

67. Plaintiff incorporates paras. 1-66 as if fully re-stated herein.

68. Members of the New Windsor Police Department have an affirmative duty to intervene when witnessing a crime in progress.

69. That none of the officers present at the scene did anything to intervene with the assault against plaintiff.

70. Upon information and belief, the conduct and actions of defendant police present at the scene and acting under color of law, in failing to intervene, stop the assault or protect plaintiff was unreasonable, was done intentionally, willfully, maliciously, and with a deliberate indifference and/or with a reckless disregard for Plaintiff's well-being and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's substantive due process rights as guaranteed under 42 USC §1983 and the Fourteenth Amendment to the United States Constitution

AS AND FOUR A FIFTH CAUSE OF ACTION

71. Plaintiff incorporates paras. 1-70 as if fully re-stated herein.

72. Members of the New Windsor Police Department have an affirmative duty to seek medical treatment for a person injured while in their care and custody.

73. That the defendant police in this case, declined to take any steps to get plaintiff medical attention and, in fact, attempted to avoid getting plaintiff medical attention for a substantial period of time, allowing plaintiff to lose

substantial amounts of blood and to remain in substantial pain for a long period of time.

74. Upon information and belief defendant police knew or had reason to know that plaintiff was experiencing extreme physical pain as a result of the excessive and unnecessary force used against him, but deliberately delayed taking action to provide or request medical care for him, disregarding the obvious risk to plaintiff's health, in an attempt to cover up their misconduct.

75. Upon information and belief, the conduct and actions of defendant police, acting under color of law, in failing to immediately seek or obtain medical attention for plaintiff, was unreasonable, was done intentionally, willfully, maliciously, and with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of plaintiff's 8th amendment rights and his substantive due process rights as guaranteed under 42 USC §1983 and the Fourteenth Amendment to the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs requests that this Court:
    a. Assume jurisdiction in this matter:
    b. Empanel a jury to hear and decide the case;
    c. Award compensatory against all the defendants jointly and severally for the constitutional violations in the sum of THREE MILLION DOLLARS ($3,000,000.00);
    d. Award punitive damages to as against all individual defendants jointly and severally for the sum of FOUR MILLION DOLLARS ($4,000,000.00);
    e. Award reasonable costs of this action to plaintiffs,
    f. Award reasonable attorney's fees to plaintiff;
    g. Award such other and further relief as to this Court may deem appropriate;
    h. Enter any other order required by the interests of justice and equity.

Yours, etc.,

Anthony M. Giordano, Esq. 2735
Giordano Law Office
Attorney for Plaintiff
23 Spring Street, Suite 204A
Ossining, New York 10562
(914) 923-7746